IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-41,168-04 & WR-41,168-05



 



EX PARTE CHARLES DEAN HOOD, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


MOTION FOR STAY OF EXECUTION

AND APPLICATION FOR ORIGINAL WRIT OF HABEAS CORPUS


OR, IN THE ALTERNATIVE, 

ORIGINAL PETITION FOR WRIT OF PROHIBITION

FROM CAUSE NO. W296-80233-90 


IN THE 296TH DISTRICT COURT OF COLLIN COUNTY





 Per Curiam. Price, j., filed a concurring statement in which Johnson, Holcomb, and 
Cochran, jj., joined.


ORDER



 We have before us a subsequent application for writ of habeas corpus filed pursuant to
Article 11.071, Section 5, an original application for writ of habeas corpus (or, in the alternative,
original petition for writ of prohibition), and a motion for stay of execution. Applicant asserts that
he was denied a fair trial because of an alleged relationship between the trial judge and the
prosecutor that Applicant asserts was "common knowledge" at the time of trial.

 Applicant was convicted of the capital murder of Ronald Williamson and Tracie Lynn
Wallace. The jury answered the special issues in such a manner that a sentence of death was
imposed on August 29, 1990. This Court affirmed the conviction and sentence on direct appeal. 
Hood v. State, AP-71,167 (Tex. Crim. App. November 24, 1993). Applicant's initial application for
writ of habeas corpus did not raise the present allegation . Ex parte Hood, WR-41,168-01 (Tex.
Crim. App. April 21, 1999). After his first application was denied, Applicant filed a subsequent
application in the trial court on May 24, 2004. That subsequent application, which also failed to
raise the present allegation, was dismissed. Ex parte Hood, WR-41,168-02 (Tex. Crim. App. April
13, 2005). On June 22, 2005, Applicant filed a second subsequent application that again failed to
raise the present allegation. We remanded to the convicting court for resolution of the asserted
claim. When the case was returned to this Court, we held that applicant had, in fact, not met the
requirements of Article 11.071, Section 5, for consideration of subsequent claims and dismissed his
application. Ex parte Hood, 211 S.W.3d 767 (Tex. Crim. App. 2007). On May 6, 2008, applicant
moved this Court to reconsider his direct appeal; we denied the motion. Hood v. State, No. AP-71,167 (Tex. Crim. App. May 14, 2008).

 We have reviewed the statutory application for writ of habeas corpus, and we find that it does
not meet the requirements of Article 11.071, Section 5, for consideration of subsequent claims. It
is dismissed as an abuse of the writ. Leave to file the original application for writ of habeas corpus
or an application for writ of prohibition is denied. Applicant's motion for stay of execution is
denied.

 IT IS SO ORDERED THIS 16th DAY OF JUNE, 2008.

Do Not Publish